441 So.2d 1272 (1983)
STATE of Louisiana
v.
Richard FERDINAND.
No. 83 KA 0235.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Rehearing Denied December 22, 1983.
Writ Denied February 27, 1984.
*1273 J. Mark Rolling, Asst. Dist. Atty., Amite, for plaintiff-appellee State of La.
Richard Macaluso, Asst. Public Defender, Amite, for defendant-appellant Richard Ferdinand.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
Defendant herein, Richard Ferdinand, was charged by grand jury indictment with second degree murder in violation of La. R.S. 14:30.1. He pled not guilty, was tried by a twelve person jury and convicted. The trial court sentenced him to be confined with the Department of Corrections for life without benefit of probation, parole, or suspension of sentence. Alleging six assignments of error, defendant appeals his conviction and sentence. However, defendant did not brief assignments of error Nos. 1, 2 and 3, and thus they are considered abandoned. Rule 2-12.4, Uniform Rules-Courts of Appeal.
On May 15, 1982, around 8:30 a.m, defendant and the victim, Leroy Carter, met, apparently by chance, at the Sugar Shack, a combination bar and restaurant, in Kentwood, Louisiana. The victim gave defendant $1.50 and said he owed it to the defendant's wife. Apparently, later that day, around 11:00, the victim asked defendant if he had given the money to a woman named Gladys. Defendant returned the money to the victim, placing it near where he was eating. The money was then returned by the victim to the defendant and was apparently passed back and forth between the two men several timesthe last time remaining on the table where defendant was eating. After defendant finished eating his lunch, he exited the restaurant. He apparently got in his car and left for about five or ten minutes and returned to the Sugar Shack. Carrying a gun, defendant walked to the victim who was leaving the restaurant. He demanded the victim go inside the restaurant, get his $1.50 and bring it to him or he would kill him. The victim refused and started to turn away when defendant shot him several times. Shortly thereafter, defendant went to the courthouse and turned himself over to the authorities. He stated that he had just killed a man.

ASSIGNMENTS OF ERROR NUMBERS 4 AND 5
In assignments of error numbers 4 and 5, defendant asserts that the trial court erred in failing to allow him to introduce into evidence a taped statement and transcript thereof given by him to police.
When defendant turned himself over to the authorities, he told an officer that he had just shot a man. Later that day, he gave a taped statement through formal questions and answers to the officers. In it he alleged that the victim had grabbed him and was getting ready to hit him right before he shot him.
At trial, the State chose not to use the taped statement, but rather, through the testimony of a police officer, introduced the extemporaneous statement first made by defendant. The defense wanted to use the taped statement, but did not want defendant to take the stand because of a prior conviction. Defendant argues that the statement is one made against penal interest, an exception to the hearsay rule and, therefore, should be allowed into evidence in connection with the testimony of the officers who took the statement. The State argues that this was a self-serving statement and that, therefore, it is precluded from being introduced. Additionally, the State asserts that if the statement were allowed to be so introduced, it would deprive the State of the right to cross examine defendant.
We are not convinced that the statement at issue is either a self-serving statement or a statement against interest. We believe it is a confession made by defendant. It does not conflict with defendant's first statement, *1274 which he made upon turning himself in to the authorities.
As a confession, it would be deemed admissible as an exception to the hearsay rule. However, even if this statement should have been admitted into evidence, we do not believe that the failure to do so was prejudicial in light of the overwhelming evidence from eyewitnesses who testified that the victim was not taunting defendant, but rather attempting to leave when he was shot. An error is harmless if there is little likelihood that it would have changed the result. La.Code of Crim.P. art. 921; State v. Frisco, 411 So.2d 37 (La.1982). Before a constitutional error can be held harmless, the court must be able to declare its belief that it was harmless beyond a reasonable doubt. State v. Jones, 386 So.2d 1363 (La.1980).
Based on the evidence brought out at trial, we are prepared to make that finding here. Accordingly, we find this assignment of error lacking any merit.

ASSIGNMENT OF ERROR NUMBER 6
In this assignment of error, defendant alleges that it is unconstitutional for the State to attack a defendant's credibility by use of an eight year old conviction. In particular, defendant asserts that such violates Art. 1, Section 16 of the Louisiana Constitution and the Sixth Amendment of the U.S. Constitution.
Article 1, Section 16 of the Louisiana Constitution provides, in pertinent part, that no person shall be compelled to give evidence against himself.
We feel this argument is specious because defendant's credibility was never actually attacked by the State. Defendant was not compelled to testify against himself. Indeed, he never took the stand. Nor was there any mention of the eight year old conviction in the record.
Moreover, we do not feel that it would be improper for a court to allow the introduction of an eight year old conviction in order to impeach a defendant. In State v. Hartman, 388 So.2d 688 (La.1980), the court found that the trial court's ruling to allow the State to impeach a defendant by using an almost 20 year old conviction was proper.
Accordingly, for the foregoing reasons, we find this assignment lacking merit.
Therefore, the conviction and sentence are affirmed. AFFIRMED.
EDWARDS, J., concurs and will assign written reasons.